**UNITED STATES of America, Appellee,**

v.

**David Scott POST, Appellant.**

No. 93–3049.

United States Court of Appeals,
Eighth Circuit.

Submitted March 8, 1994.

Decided May 4, 1994.

Eddie N. Christian, Fort Smith, AR, for appellant.

Michael E. O'Neill, Dept. of Justice, Washington, DC, for appellee.

Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

David Scott Post appeals the 65–month sentence imposed by the district court [1] after he pleaded guilty to mail fraud charges un-

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the West-

ern District of Arkansas.

der 18 U.S.C. §§ 2 and 1341. Both parties argue the court erred in imposing an enhancement for abuse of a position of public or private trust. We nonetheless affirm.

## I. BACKGROUND

Post, then a licensed attorney, was involved in an extensive insurance fraud scheme in which he recruited participants, helped to orchestrate "accidents" involving them, and then filed claims on their behalf with various insurance companies. Some of the participants were Post's clients, and he excused their legal bills in exchange for their participation. The loss to the insurers from the approximately forty-seven false claims Post filed exceeded $800,000. When Post learned that the FBI was investigating this matter, he went to the government and offered to cooperate. The investigation produced at least 110 active files. Of these, at most two individuals were involved in this type of activity before Post contacted or recruited them. Post's presentence report (PSR) recommended, inter alia, a four-level increase under U.S.S.G. § 3B1.1 for leadership role and a two-level increase for abuse of a position of trust under U.S.S.G. § 3B1.3.[2]

At sentencing in July 1993, Post orally objected to receiving enhancements under both sections. Post argued, correctly, that if an enhancement is given for leadership role under section 3B1.1, a further enhancement for use of a special skill under section 3B1.3 may not be applied. The court noted that the PSR indicated the section 3B1.3 enhancement was to be imposed for abuse of a position of trust, in which case adjustment under both sections was permitted. Post conceded that one could construe the state licensing of an attorney to implicate public trust, but he argued that he obtained money in this scheme primarily through his attorney skills. Post argued the Guideline commentary referred to lawyers when talking about special skills, but did not refer to them when talking about positions of trust. He further argued that he did not occupy a position of

trust with regard to the victims, because attorneys do not have a fiduciary relationship with opposing-party insurance companies. Finally, Post argued that the public-trust enhancement should apply to a public official as opposed to a private individual. The government agreed that an abuse of public trust applies only to public officials or public sector employees.

The court imposed the enhancement for abuse of both public and private trust, determined a Guideline range of 57 to 71 months, and imposed a sentence of 65 months imprisonment, three years supervised release, and joint and several liability for $126,541 in restitution. On appeal, both parties argue the court erred in imposing the enhancement for abuse of a position of trust.

## II. DISCUSSION

■ We review findings of fact for clear error and give due deference to the district court's application of the Guidelines to the facts. *United States v. Brelsford*, 982 F.2d 269, 271 (8th Cir.1992).

■ We conclude that Post's status as a licensed Arkansas attorney placed him in a position of public trust. *See United States v. Polland*, 994 F.2d 1262, 1270–71 (7th Cir. 1993) (private defense attorney abused unique position of public trust when he used relationship with client to gain access to cocaine), *cert. denied*, — U.S. —, 114 S.Ct. 1115, 127 L.Ed.2d 425 (1994); *United States v. Franklin*, 837 F.Supp. 916, 919–20 (N.D.Ill.1993) (alternatively holding that a private attorney holds a position of public trust). The preamble to the Arkansas Model Rules of Professional Conduct (Model Rules) states that "[a] lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice." Ark.Code Ann. *Court Rules* at 838 (Michie 1993). The Model Rules require that "[i]n the course of representing a client a lawyer shall not knowingly ... make a false statement of material fact or law to a third person." *Id.* at 899 (Model

---

**2.** Section 3B1.3 provides in part:
   If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels.

Rule 4.1 Truthfulness in Statements to Others). A license to practice law accords to the recipient certain powers and privileges not available to the general public. With this privilege comes the responsibility to honor the state licensing requirements.

When Post filed fraudulent insurance claims on behalf of others, he abused his position of public trust. Moreover, his status as a licensed attorney shrouded the claims with a presumption of regularity, and thus contributed significantly to facilitating the commission of the fraud. *See* U.S.S.G. § 3B1.3, comment. (n. 1). We note that, although counsel for both Post and the government oppose the enhancement, they admit Post's action harmed the legal system he was sworn to uphold.

As we conclude that the district court properly imposed the enhancement for abuse of a position of public trust, we need not reach the issue of whether Post also abused a position of private trust.

Accordingly, we affirm Post's sentence.